**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0055-WJM-KMT

AURORA ALLIANCE, LLC, a Colorado limited liability company d/b/a METRO CANNABIS,

    Plaintiff,

v.

CITY OF AURORA, a Municipality,
AURORA MARIJUANA ENFORCEMENT DIVISION, and
JASON BATCHELOR, in his official capacity as Aurora Director of Finance,

    Defendants.

---

**ORDER *SUA SPONTE* REMANDING CASE**

---

    Plaintiff Aurora Alliance, LLC ("Plaintiff") brought this action in Arapahoe County District Court against Defendants City of Aurora, the Aurora Marijuana Enforcement Division, and Jason Batchelor, Aurora Director of Finance (collectively "Defendants") arising out of the denial of Plaintiff's application to open a retail marijuana store. (ECF No. 3.) The case was removed by Defendants under 28 U.S.C. § 1441 as Plaintiff's original Complaint brought a claim under 42 U.S.C. § 1983. (ECF Nos. 1 & 3.) After removal, Plaintiff filed an Amended Complaint, which omitted its claim under 42 U.S.C. § 1983. (ECF No. 11-1.)

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may

not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

This case was removed to federal court because Plaintiff's original Complaint alleged a violation of federal law under § 1983.  (ECF Nos. 1 & 3.)  Because the Court had original jurisdiction over Plaintiff's federal law claim, it also had supplemental jurisdiction over the state law claims at the time of removal.  *See* 28 U.S.C. § 1367.  As Plaintiff has now dismissed the § 1983 claim, only supplemental jurisdiction exists in this case.

Federal supplemental subject matter jurisdiction over state law claims "is extended at the discretion of the court and is not a plaintiff's right."  *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

If federal claims are dismissed before trial, leaving only issues of state law, the federal district court should ordinarily decline to exercise supplemental jurisdiction.  *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (citing *Carnegie-Mellon Univ.*, 484 U.S. at 350).  As this case is in its infancy and no Court proceedings have been held, issues of judicial economy and fairness are not implicated here, but issues of comity and federalism are present because the Court would have to decide matters of state law if it continued to exercise jurisdiction over Plaintiff's remaining claims.  *See*

*McWilliams v. Jefferson Cnty.*, 463 F.3d 1113, 1117 (10th Cir. 2006).

"Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990). Having considered the relevant factors, the Court finds no compelling reason to retain supplemental jurisdiction in this case. Accordingly, the Court DECLINES to exercise its supplemental jurisdiction over the remaining state law claims and the above-captioned action is REMANDED to the Arapahoe County, Colorado District Court.

Dated this 3rd day of February, 2015.

BY THE COURT:

_____
William J. Martínez
United States District Judge